1

2

3                                                            O

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

11   AZUCENA TAPIA,                )   Case No. CV 14-01381 DDP (ASx)
                                   )
12               Plaintiff,        )   ORDER GRANTING IN PART AND
                                   )   DENYING IN PART DEFENDANTS'
13       v.                        )   MOTION TO DISMISS PLAINTIFF'S
                                   )   COMPLAINT
14   ARTISTREE, INC., et al.,      )
                                   )   [Dkt. No. 12]
15               Defendants.       )
     _____)

16

17       Presently before the Court is Defendants' motion to dismiss

18   Plaintiff's complaint (the "Motion"). (Docket No. 12.) For the

19   reasons stated in this Order, the Motion is GRANTED IN PART and

20   DENIED IN PART.

21   **I. Background**

22       Plaintiff Azucena Tapia ("Plaintiff") is a former employee of

23   Defendants Artistree, Inc. and Michaels, Inc. ("Defendants").

24   (Complaint, Docket No. 1-1, ¶ 14.) Plaintiff worked as a machine

25   operator for Defendants for 8 years. (Id. ¶ 18.) She became

26   pregnant, and in January 2012 she informed Defendants that she

27   needed accommodation for her pregnancy, including no heavy lifting

28   or pushing and a 5-10 minute restroom break every 3 hours. (Id.)

1   Plaintiff presented a doctor's note to her supervisor in support of
2   these requests. (Id.) However, Defendants allegedly failed to
3   engage in a good faith interactive process to determine whether an
4   appropriate accommodation would be possible, telling Plaintiff that
5   they would not accommodate her restrictions or attempt to find a
6   position where she could continue to work for the duration of her
7   pregnancy. (Id. ¶¶ 19, 41.) Instead, they told her she should have
8   her doctor place her on total disability. (Id. ¶ 19.) Plaintiff did
9   so and was placed on leave on or about January 12, 2012. (Id.)
10  Plaintiff alleges that she would have continued working throughout
11  her pregnancy if Defendants had accommodated her restrictions.
12  (Id.)

13      Plaintiff did not work for the remainder of her pregnancy. She
14  gave birth on August 4, 2012. (Id. ¶ 20.) On August 7, 2012, while
15  Plaintiff was still in the hospital recovering from her C-section
16  delivery, a human resources representative of Defendants called
17  Plaintiff and told her that she could lose her job if she did not
18  return to work that same day. (Id.) Defendants allegedly offered no
19  accommodation when Plaintiff explained that she would not be able
20  to return to work immediately due to her C-section. (Id. ¶ 41.) On
21  August 20, 2012, Defendants terminated Plaintiff's employment,
22  claiming Plaintiff had "abandoned her job." (Id. ¶¶ 20, 74.)

23      Plaintiff alleges six causes of action arising from these
24  events, all based on California state law: (1) pregnancy
25  discrimination; (2) denial of pregnancy accommodation; (3)
26  retaliation; (4) failure to prevent retaliation and discrimination;
27  (5) violation of California disability leave law; and (6) wrongful
28  termination in violation of public policy. Defendants now bring

this Motion, advancing two primary arguments: (I) Plaintiff failed to exhaust her administrative remedies against Defendant Michaels, Inc.; and (II) Plaintiff's claims fail because Defendants offered her a reasonable accommodation.

**II. Legal Standard**

A complaint will survive a motion to dismiss when it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). When considering a Rule 12(b)(6) motion, a court must "accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000). Although a complaint need not include "detailed factual allegations," it must offer "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. Conclusory allegations or allegations that are no more than a statement of a legal conclusion "are not entitled to the assumption of truth." Id. at 679. In other words, a pleading that merely offers "labels and conclusions," a "formulaic recitation of the elements," or "naked assertions" will not be sufficient to state a claim upon which relief can be granted. Id. at 678 (citations and internal quotation marks omitted).

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." Id. at 679. Plaintiffs must allege "plausible grounds to infer" that their claims rise "above the speculative level." Twombly, 550 U.S. at 555. "Determining

1  whether a complaint states a plausible claim for relief" is a
2  "context-specific task that requires the reviewing court to draw on
3  its judicial experience and common sense." Iqbal, 556 U.S. at 679.
4  **III. Discussion**
5      A. <u>Administrative Exhaustion</u>
6      Defendants claim that Michaels must be dismissed from this
7  action because Plaintiff failed to timely exhaust her
8  administrative remedies as to Michaels. The Fair Employment and
9  Housing Act ("FEHA") requires that plaintiffs file a discrimination
10 charge with the California Department of Fair Employment and
11 Housing ("DFEH") before bringing a civil suit for violation of
12 FEHA. Plaintiff's first four claims for relief are subject to this
13 requirement. Unless an exception applies, a DFEH complaint must be
14 filed within one year of the "date upon which the unlawful practice
15 or refusal to cooperate occurred." Cal. Gov. Code § 12960(d). A
16 plaintiff is "barred from suing [any] individual defendants" if she
17 "fail[s] to name them in the DFEH charge." <u>Cole v. Antelope Valley</u>
18 <u>Union High Sch. Dist.</u>, 47 Cal. App. 4th 1505, 1511 (1996).
19     Plaintiff filed a DFEH complaint against Artistree on January
20 3, 2013; however, it appears that the attached Notice of Right to
21 Sue that resulted from that complaint included only Artistree, and
22 not Michaels, in the caption. Plaintiff apparently filed a second
23 administrative charge, naming Michaels as a defendant, on January
24 6, 2014. However, the last day on which any discriminatory event
25 allegedly occurred was August 20, 2012 when Plaintiff was fired;
26 therefore, more than one year elapsed between that event and the
27 filing of the administrative charge against Michaels, rendering
28 such charge untimely.

1    Plaintiff argues, without citing any legal authority, that her

2    failure to name Michaels in the first DFEH complaint should be

3    excused because Michaels and Artistree are alter egos. Plaintiff's

4    allegation in this regard does not include any underlying facts

5    that show that Michaels is, or plausibly might be, Artistree's

6    alter ego. Further, while California courts have indicated that, in

7    limited circumstances, a technical failure to properly name a

8    defendant will not preclude the filing of an action against that

9    defendant, Plaintiff has not pled facts establishing that her

10   failure to name Michaels in her DFEH complaint should be excused,

11   nor has she established that Michaels was actually included in the

12   body of her complaint, even if it was left out of the caption.[1] See

13   Thompson v. George DeLallo Co., Inc., 2013 WL 211204, at *8 (E.D.

14   Cal. 2013) (collecting California appellate cases addressing this

15   issue); Medix Ambulance Service, Inc. v. Superior Court, 97 Cal.

16   App. 4th 109, 116-17 (2002) (same). Therefore, the Motion is

17   GRANTED as to Defendant Michaels with respect to the first four

18   causes of action, with leave to amend should Plaintiff be able to

19   allege facts that would excuse her failure to name Michaels in her

20   DFEH complaint prior to the expiration of the one year limitations

21   period.

22       B. California Government Code § 12940 et seq. Violations
            (First, Second, Third, Fourth, and Fifth Causes of Action)

23

24

---

25       [1]Unpublished California cases have also suggested that the
     failure to name an alter ego of a named employer on a DFEH
26   complaint may be excused where the plaintiff had no reason to know
     that the omitted party was an alter ego of a named party at the
27   time the DFEH complaint was filed. Here, Plaintiff has provided no
     facts explaining why she could not have named Michaels in her
28   original DFEH complaint.

1    Defendants argue that Plaintiff's first, second, third,
2  fourth, and fifth causes of action, which include pregnancy
3  discrimination, denial of pregnancy accommodation, retaliation,
4  failure to prevent discrimination and/or retaliation, and violation
5  of pregnancy leave law, should be dismissed. Defendants argue that
6  all of these causes of action should be dismissed because Plaintiff
7  has not pled facts indicating that she was not offered a reasonable
8  accommodation. Defendants essentially argue that their offer to
9  place Plaintiff on total disability leave, as Plaintiff pleads in
10 her complaint, is a reasonable accommodation, and therefore that
11 Plaintiff can state no claim that relies on Defendants' failure to
12 offer her a reasonable accommodation.
13    Contrary to Defendants' assertions, it is not at all clear
14 that Plaintiff was offered a "reasonable accommodation." It is true
15 that "in appropriate circumstances, reasonable accommodation can
16 include providing the employee accrued paid leave or additional
17 unpaid leave for treatment." Hanson v. Lucky Stores, Inc., 74 Cal.
18 App. 4th 215, 226 (1999) (citing Schmidt v. Safeway Inc., 864 F.
19 Supp. 991, 996 (D. Or. 1994)). "[A] finite leave of absence can be
20 a reasonable accommodation under FEHA, provided it is likely that
21 at the end of the leave, the employee would be able to perform his
22 or her duties." Hanson, 74 Cal. App. 4th at 226. However, paid
23 leave is not a "per se reasonable accommodation." See Kranson v.
24 Federal Express Corp., 2013 WL 5807795, at *4 (N.D. Cal. 2013).
25 Simply providing leave, without any other accommodations, such as
26 searching for alternative suitable job opportunities for which an
27 employee would be qualified, may not be independently sufficient to
28

1  constitute a reasonable accommodation. See Stoll v. The Hartford,

2  2006 WL 3955826, at *8 (S.D. Cal. 2006).

3      Here, it is far from clear that Plaintiff received a

4  reasonable accommodation. Construing the facts in the light most

5  favorable to Plaintiff, she approached her employer and told it of

6  her work limitations during her pregnancy, namely that she could

7  not perform heavy lifting or pushing and that she needed a bathroom

8  break every 3 hours. In response, Defendant offered only one

9  possibility to Plaintiff: take total disability leave for the

10  duration of her pregnancy. It appears from these alleged facts that

11  Defendant never sought to engage in the "interactive process"

12  required, nor attempted to determine whether Plaintiff's disability

13  could have been accommodated in another way.

14      Further, the Hanson court suggested that providing leave is a

15  reasonable accommodation when it is likely that an employee will be

16  able to return to work at the end of the leave given. Here,

17  Defendant plainly knew or should have known, based on Plaintiff's

18  pregnancy timeline, that she would be giving birth some time around

19  August 2012 and that she would need additional leave following the

20  birth. Granting Plaintiff leave for the duration of her pregnancy,

21  only to require her to return to work within two weeks of giving

22  birth via C-section, does not appear to be a reasonable

23  accommodation. At the very least, the pleadings support a plausible

24  claim that Defendant failed to offer Plaintiff a reasonable

25  accommodation, and therefore the Court DENIES Defendant's Motion

26  with respect to these claims.

27      The only potential claim that the Court would dismiss is

28  Plaintiff's fifth cause of action, to the extent that the claim is

7

based on a violation of Cal. Gov. Code § 12945(a)(1). That code
section provides that an employer may not refuse to allow a female
employee to "take a leave for a reasonable period of time not to
exceed four months" due to "pregnancy, childbirth, or a related
medical condition." This provision is in addition to the 12 weeks
of leave provided by the Family Medical Leave Act ("FMLA").
Plaintiff's complaint alleges that she received more than 8 months
of leave, which would include 12 weeks of leave under the FMLA and
also four months of leave under § 12945. Therefore, Plaintiff
cannot state a claim for a violation of this particular provision,
as she was provided with the required four months. However, to the
extent that Plaintiff bases her claims on Defendant's failure to
provide a reasonable accommodation, her claims survive.

     C. <u>Wrongful Termination Claim (Sixth Cause of Action)</u>

     Plaintiff's claim for wrongful termination in violation of
public policy survives this motion because the claim may be based
on underlying statutory violations. As the Court has determined
that Plaintiff's underlying claims are sufficiently pled, the Court
DENIES the Motion with respect to this claim.

**IV. Conclusion**

     For the foregoing reasons, the Court GRANTS the Motion as to
Defendant Michaels WITHOUT PREJUDICE. Any amended complaint must be
filed by April 28, 2014 and must address the deficiencies
identified in this Order.

///
///
///
///

8

The Court DENIES the Motion as to Defendant Artistree, except that the Court GRANTS the Motion to the extent that Plaintiff's fifth cause of action relies on her not receiving the four months of leave promised by Cal. Gov. Code § 12945(a)(1).

IT IS SO ORDERED.

Dated: April 10, 2014

DEAN D. PREGERSON
United States District Judge