O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

AZUCENA TAPIA,                    )  Case No. CV 14-01381 DDP (ASx)
                                  )
              Plaintiff,          )  **ORDER GRANTING DEFENDANTS' MOTION
                                  )  TO DISMISS PORTIONS OF
     v.                           )  PLAINTIFF'S FIRST AMENDED
                                  )  COMPLAINT**
ARTISTREE, INC., et al.,          )
                                  )  [Docket No. 24]
              Defendants.         )
_____   )

     Presently before the Court is Defendants' motion to dismiss
Plaintiff's First Amended Complaint as to Defendant Michaels (the
"Motion"). (Docket No. 24.) For the reasons stated in this Order,
the Motion is GRANTED and Plaintiff's causes of action against
Defendant Michaels are DISMISSED WITHOUT PREJUDICE.

**I. Background**

     Plaintiff Azucena Tapia ("Plaintiff") is a former employee of
Defendants Artistree, Inc., the Michaels Companies, Inc., and/or
Michaels Stores, Inc. ("Defendants").[1] (First Amended Complaint

---

     [1] It is unclear who Plaintiff's actual former employer is. It
appears that Plaintiff was an employee of Artistree. It is not
clear whether Plaintiff may also potentially be an employee of
Michaels Stores, Inc. Further, in the First Amended Complaint,
Plaintiff adds the Michaels Companies, Inc. as a defendant.
                                                   (continued...)

("FAC"), Docket No. 19, ¶ 14.) Plaintiff worked as a machine operator for Defendants for 8 years. (<u>Id.</u> ¶ 18.) She became pregnant, and in January 2012 she informed Defendants that she needed accommodation for her pregnancy, including no heavy lifting or pushing and a 5-10 minute restroom break every 3 hours. (<u>Id.</u>) Plaintiff presented a doctor's note to her supervisor in support of these requests. (<u>Id.</u>) However, Defendants allegedly failed to engage in a good faith interactive process to determine whether an appropriate accommodation would be possible, telling Plaintiff that they would not accommodate her restrictions or attempt to find a position where she could continue to work for the duration of her pregnancy. (<u>Id.</u> ¶¶ 19, 40.) Instead, they told her she should have her doctor place her on total disability. (<u>Id.</u> ¶ 19.) Plaintiff did so and was placed on leave on or about January 12, 2012. (<u>Id.</u>) Plaintiff alleges that she would have continued working throughout her pregnancy if Defendants had accommodated her restrictions. (<u>Id.</u>)

    Plaintiff did not work for the remainder of her pregnancy. (<u>See id.</u> ¶¶ 19-20.)  She gave birth on August 4, 2012. (<u>Id.</u> ¶ 20.) On August 7, 2012, while Plaintiff was still at the hospital recovering from her C-section delivery, Defendants' human resources

---

[1](...continued)
According to Defendants' corporate disclosure statement, Defendant Michaels Companies, Inc. is the parent company of Michaels FinCo Holdings, LLC, which is the parent company of Michaels Funding, Inc., which is the parent company of Defendant Michaels Stores, Inc. (Docket No. 25.) Michaels Stores is the parent company of Michaels Stores Procurement Company, Inc., which is the parent company of Defendant Artistree, Inc. (<u>Id.</u>) Defendants allege that Plaintiff was not employed by Michaels Companies, Inc. or Michaels Stores, Inc. (<u>Id.</u>) The Court will refer to these two Defendants as "Michaels" throughout this Order.

1  representative called Plaintiff and told her that she could lose
2  her job if she did not return to work that same day. (Id.)
3  Allegedly, Defendants offered no accommodation when Plaintiff
4  explained that she would be unable to immediately return to work
5  due to her C-section. (Id. ¶ 40.) On August 20, 2012, Defendants
6  terminated Plaintiff's employment, claiming Plaintiff had
7  "abandoned her job." (Id. ¶¶ 20, 73.)

8      Plaintiff filed a DFEH complaint against Artistree on January
9  3, 2013. (FAC, Exh. D, at 113.) However, it appears that the
10  resultant Notice of Right to Sue included only Artistree, and not
11  Michaels, in the caption. (Id. at 116.) Plaintiff apparently filed
12  a second administrative charge, naming Michaels as a defendant, on
13  January 6, 2014. (Id. at 128.) However, the last day on which any
14  discriminatory event allegedly occurred was August 20, 2012 when
15  Plaintiff was fired. (FAC ¶¶ 20, 73.) Therefore, because more than
16  one year elapsed between that event and the filing of the January
17  6, 2014 administrative charge naming Michaels, the administrative
18  charge was untimely.

19      Plaintiff alleges six causes of action arising from these
20  events, all based on California state law: (1) pregnancy
21  discrimination; (2) denial of pregnancy accommodation; (3)
22  retaliation; (4) failure to prevent retaliation and discrimination;
23  (5) violation of California disability leave law; and (6) wrongful
24  termination in violation of public policy. Defendants now bring
25  this Motion, arguing primarily that Plaintiff failed to exhaust her
26  administrative remedies against Defendant Michaels, and therefore
27  that Michaels should be dismissed from this action.
28  ///

## II. Legal Standard

A complaint will survive a motion to dismiss when it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). When considering a Rule 12(b)(6) motion, a court must "accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000). Although a complaint need not include "detailed factual allegations," it must offer "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. Conclusory allegations or allegations that are no more than a statement of a legal conclusion "are not entitled to the assumption of truth." Id. at 679. In other words, a pleading that merely offers "labels and conclusions," a "formulaic recitation of the elements," or "naked assertions" will not be sufficient to state a claim upon which relief can be granted. Id. at 678 (citations and internal quotation marks omitted).

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." Id. at 679. Plaintiffs must allege "plausible grounds to infer" that their claims rise "above the speculative level." Twombly, 550 U.S. at 555. "Determining whether a complaint states a plausible claim for relief" is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

4

**III. Discussion**

    A. <u>Administrative Exhaustion</u>

    Defendants contend that Michaels must be dismissed from the case because it was not named in either the caption or the body of the DFEH charge and, therefore, Plaintiff failed to timely exhaust her administrative remedies as to Michaels. The Fair Employment and Housing Act ("FEHA") requires plaintiffs to file a discrimination charge with the California Department of Fair Employment and Housing ("DFEH") before filing a civil suit for violation of FEHA. <u>See</u> <u>Cole v. Antelope Valley Union High Sch. Dist.</u>, 47 Cal.App.4th 1505, 1515 (1996). Plaintiff's first four causes of action are subject to this requirement. Under FEHA, unless an exception applies, a DFEH complaint must be filed within one year of the "date upon which the unlawful practice or refusal to cooperate occurred." Cal. Gov. Code § 12960(d). Generally, a plaintiff is "barred from suing [any] individual defendants" if she "fail[s] to name them in the DFEH charge." <u>Cole</u>, 47 Cal.App.4th at 1511.

    Cases brought under FEHA are analogous to cases brought under Title VII of the Federal Civil Rights Act of 1964 ("Title VII"). <u>See</u> <u>Couveau v. Am. Airlines, Inc.</u>, 218 F.3d 1078, 1082 (9th Cir. 2000). California courts have relied on interpretations of Title VII to determine the meaning of analogous provisions of FEHA. <u>Corkill v. Preferred Employers Grp., LLC</u>, 2011 WL 5975678, at *8 (S.D. Cal. 2011) (collecting cases). California courts have relied on interpretations of Title VII to construe FEHA's administrative exhaustion requirement and to determine that § 12960 requires that defendants be named in the DFEH charge. <u>Id.</u> at *8.

    1. *Anticipation Exception*

5

1    If a party not named in an Equal Employment Opportunity
2  Commission ("EEOC") administrative complaint should have
3  anticipated that they would be named in a civil suit brought under
4  Title VII, the party may be named in a civil suit despite the
5  administrative exhaustion requirement not being technically
6  satisfied. Sosa v. Hiraoka, 920 F.2d 1451, 1459 (9th Cir. 1990). In
7  Sosa, the plaintiff filed a complaint alleging Title VII
8  violations. Id. at 1454. The district court granted Defendant's
9  motion to dismiss for six reasons, including because the plaintiff
10 failed to name the defendant in the initial Title VII EEOC
11 complaint. Id. The Ninth Circuit reviewed the district court's
12 ruling and held that "the district court correctly identified the
13 general rule that Title VII claimants may sue only those named in
14 the EEOC charge because only they had an opportunity to respond to
15 charges during the administrative proceeding." Id. at 1458.
16 However, the Ninth Circuit found that the district court erred in
17 its analysis because there were exceptions to this general rule.
18 See id. at 1458-59. The Ninth Circuit determined that the
19 anticipation exception was triggered "if the unnamed party had
20 notice of the EEOC conciliation efforts and participated in the
21 EEOC proceedings." Id. at 1459. If the unnamed party did, "then
22 suit may proceed against the unnamed party." Id.
23    The anticipation exception also applies to FEHA's
24 administrative exhaustion requirement. In Corkill, the defendant
25 argued that the anticipation exception "should not be applied to
26 FEHA cases because California courts have clearly interpreted the
27 language in section 12960(b) to require that a plaintiff must name
28 the defendant either in the caption or the body of the DFEH

charge." <u>Corkill,</u> 2011 WL 5975678, at *9. The Court examined the
holding of <u>Valdez v. City of Los Angeles</u>, 231 Cal.App.3d 1043, 1061
(1991), and determined that the <u>Valdez</u> court interpreted FEHA's
administrative exhaustion requirement in reliance on FEHA's
underlying policy arguments. <u>Id.</u> The Court ruled that the <u>Valdez</u>
holding relied "on the policy that for a claimant to withhold
naming of known or reasonably obtainable defendants at the
administrative complaint level is neither fair under [FEHA] in its
purpose of advancing speedy resolutions of claims nor fair to
known, but unnamed individuals, who at a later date are called upon
to personally account in a civil lawsuit without having been
afforded a right to participate at the administrative level." <u>Id.</u>
(citations and internal quotation marks omitted). The Court held
that because the anticipation exception was satisfied when "the
unnamed party has both notice and has participated in the
administrative proceedings, the exception is consistent with this
[<u>Valdez</u>] policy and is fair to the unnamed defendant." <u>Id.</u>
Therefore, the Court determined that the anticipation exception,
enumerated in <u>Sosa</u>, applied to FEHA's administrative exhaustion
requirement because, if properly satisfied, the exception was
consistent with <u>Valdez</u>'s underlying policy. <u>Id.</u>

    Plaintiff argues that, despite the deficiencies in the DFEH
complaint, her failure to name Michaels should be excused, and the
Motion denied, because Michaels should have anticipated that it
would be named in the civil suit. (Opp. to Mtn., Docket No. 26,
pp.1-2.) To support this argument, Plaintiff alleges that Artistree
and Michaels share the same principal place of business, the same
corporate directors and officers, the same California Agent for

1  Service of Process, and the same payroll department. (FAC ¶ 16.)
2  Accordingly, Plaintiff argues that the <u>Sosa</u> anticipation exception
3  applies and should excuse strict compliance with the administrative
4  exhaustion requirement. (Opp. to Mtn. at 1-2.)

5      Plaintiff's argument is unpersuasive because Plaintiff has not
6  plausibly established both requirements of the anticipation
7  exception. Assuming Plaintiff's factual allegations are true, it is
8  possible that Michaels received notice of the administrative action
9  because of its connections to Artistree and the interwoven nature
10 of Artistree and Michaels' business operations whereby they share
11 the same principal place of business, corporate directors and
12 officers, payroll department, and California Agent for Service of
13 Process. However, the Court is unconvinced that these factual
14 allegations plausibly establish that Michaels participated in the
15 administrative proceeding. In fact, Plaintiff alleges no facts that
16 indicate that Michaels participated in or had the opportunity to
17 participate in the administrative proceeding. Therefore, Plaintiff
18 does not plead sufficient facts to satisfy the anticipation
19 exception.

20      2. *Substantially Identical Parties Exception*

21      In the alternative, Plaintiff contends that the substantially
22 identical parties exception, enumerated in <u>Sosa</u>, applies. (Opp. to
23 Mtn., at 1.) In <u>Sosa</u>, the Court explained that the substantially
24 identical parties exception allows a civil suit to go forward
25 against a party not named in the EEOC administrative proceeding "if
26 the respondent named in the EEOC charge is a principal or agent of
27 the unnamed party, or if they are substantially identical parties."
28 <u>Sosa</u>, 920 F.2d at 1459. (internal quotation marks omitted). The

8

1  court held that the exception applied to the case before it and the

2  plaintiff could sue two unnamed defendants, trustees of the named

3  entity, in a civil suit. Id. The court determined that the trustees

4  were "substantially identical" to the named party (the district)

5  because they "governed the district," or, in other words,

6  controlled the operations of the named defendant. Id. at 1459-60.

7  Therefore, because of their position, the unnamed trustees were

8  substantially identical to the named party in the administrative

9  proceeding and could be named in the civil suit.[2]

10  According to Plaintiff, a civil suit may be brought against

11  both Michaels and Artistree because they are substantially

12  identical parties. (Opp. to Mtn., at 1.) Plaintiff argues that the

13  substantially identical parties exception is satisfied because

14  Artistree and Michaels share the same principal place of business,

15  corporate directors and officers, payroll department, and

16  California Agent for Service of Process. (Id. at 2-3.)

17  However, the Court finds this argument unpersuasive. The

18  connection alleged between the parties is not sufficient for the

19  Court to find that Plaintiff has satisfied the substantially

20  identical parties exception. Plaintiff has not pled sufficient

21  facts to plausibly allege that Artistree is the principal or agent

22  of Michaels or that Michaels serves in a capacity of direct control

23  over the operations of Artistree. Therefore, because Plaintiff has

24

25
        [2]The rationale from the Valdez case, discussed at length
26  above, is also applicable to this Title VII exhaustion exception,
    as unnamed but substantially identical parties are likely to have
27  had notice of the administrative complaint and, therefore, an
    opportunity to participate in the administrative proceeding.
28  Therefore, the exception may apply to an administrative exhaustion
    analysis under FEHA.

1  not convinced the Court that either the anticipation exception or

2  the substantially identical parties exception applies, the Motion

3  is GRANTED as to Michaels. All FEHA-based causes of action against

4  Michaels are DISMISSED WITHOUT PREJUDICE. To have viable causes of

5  action against Michaels, Plaintiff must allege additional facts

6  that plausibly show that Michaels participated in the

7  administrative proceeding, that Artistree was a principal or agent

8  of Michaels, or that Michaels otherwise controlled Artistree's

9  operations to a sufficient degree to deem Michaels substantially

10  identical to Artistree.

11      B. <u>Wrongful Termination Claim (Against Defendant Michaels)</u>

12      Defendants argue that Plaintiff's cause of action against

13  Michaels for wrongful termination in violation of public policy

14  should be dismissed because Plaintiff has no viable FEHA-based

15  claims against Michaels. (Docket No. 24, at 7-8.) To prove a cause

16  of action for wrongful termination in violation of public policy, a

17  party must show that "the employer violated a public policy

18  affecting society at large rather than a purely personal or

19  proprietary interest of the plaintiff or employer" and "the policy

20  at issue must be substantial, fundamental, and grounded in a

21  statutory or constitutional provision." <u>Holmes v. Gen. Dynamics</u>

22  <u>Corp.</u>, 17 Cal.App.4th 1418, 1426 (1993) (internal quotation marks

23  omitted). A wrongful termination claim based on an underlying FEHA

24  claim would be viable. <u>See</u> <u>Johnson v. Hertz Local Edition Corp.</u>,

25  2004 WL 2496164 (N.D. Cal. 2004).

26      Plaintiff argues that Defendants' motion should be denied

27  because Plaintiff has underlying FEHA claims and thereby satisfies

28  the requirements to state a claim for wrongful termination in

1   violation of public policy. (Opp. to Mtn., at 6-7.)  The Court

2   agrees with Plaintiff that FEHA claims may be the basis for a

3   wrongful termination in violation of public policy cause of action.

4   However, because the Court dismissed without prejudice the FEHA

5   claims against Michaels, Plaintiff has no viable claims against

6   Michaels that would satisfy the cause of action's requirement of an

7   underlying public policy claim. Therefore, Defendant's motion is

8   GRANTED and Plaintiff's wrongful termination claim against Michaels

9   is DISMISSED WITHOUT PREJUDICE.

10        C. <u>California Government Code § 12940 et seq. Violations</u>
             <u>(Fifth Cause of Action)</u>

11

12        Plaintiff, in her First Amended Complaint, realleges that

13  Defendants violated Cal. Gov. Code § 12945(a)(1). (FAC ¶¶ 85-98.)

14  However, the Court previously determined that Plaintiff cannot

15  state a claim for a violation of this provision because her

16  allegations demonstrate that she was provided with the amount of

17  leave required by this statute. (Docket No. 17, at 7-8.)

18  Plaintiff's allegations regarding this issue in the FAC are

19  identical to the previous allegations dismissed by the Court.

20  Therefore, the Court reaffirms its previous order and DISMISSES

21  Plaintiff's fifth cause of action, to the extent that the claim is

22  based on a violation of Cal. Gov. Code § 12945(a)(1), WITH

23  PREJUDICE.

24  **IV. Conclusion**

25        For the foregoing reasons, the Court GRANTS the Motion as to

26  all causes of action against Defendant Michaels for absence of a

27  valid FEHA claim WITHOUT PREJUDICE. The Court reaffirms its

28  previous order and GRANTS the Motion as to Plaintiff's fifth cause

1  of action WITH PREJUDICE, to the extent that Plaintiff's fifth

2  cause of action relies on Cal. Gov. Code § 12945(a)(1).

3

4  IT IS SO ORDERED.

5

6

7  Dated: July 25, 2014

8                                DEAN D. PREGERSON
                                 United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28